# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYLVESTER CORNISH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2746** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(4)** |

## ORDER

This litigation concerns Plaintiff Sylvester Cornish's ("Plaintiff") application for Disability Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court is Mr. Cornish's "Motion for Attorneys Fees Under the Equal Access to Justice Act."[1] Having considered the pending motion, the memoranda in support, the memorandum from the Government raising no opposition, and the applicable law, the Court will grant the motion.

The Equal Access to Justice Act ("EAJA"), as amended by the Contract with America Advancement Act of 1996 ("CAAA"), provides that a court shall award attorneys' fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[2] As the Supreme Court held in *Shalala v. Schaefer*,[3] a party in a Social Security case who obtains a remand under the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for the purposes of fees under the EAJA.[4]

In the above-captioned matter, Mr. Cornish's attorney seeks an award of $5,216.00 in EAJA fees,

---

[1] Rec. Doc. 28.

[2] 28 U.S.C. § 2412(d)(1)(A).

[3] 509 U.S. 292 (1993).

[4] *Id.* ("Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets this description" of a prevailing party.); *see also Breaux v. U.S. Dep't of Helath and Human Serv.*, 20 F.3d 1324 (5th Cir. 1994) (per curiam) ("*Shalala v. Schaefer* holds that a party who obtains a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for the purposes of attorneys fees under the EAJA.").

representing 32.0 hours of judicial time at $160.00 per hour. The Government "has no objection to Plaintiff's Petition, and respectfully submits that Plaintiff is entitled to an award of attorney fees under the EAJA, 28 U.S.C. § 2412, that the hours worked are reasonable, and that the requested hourly rate for attorney services is reasonable."[5] However, the Government states that pursuant to *Astrue v. Ratliff*,[6] "an EAJA fee award is payable to the prevailing litigant, not the attorney."[7] Further, the Government notes that "Plaintiff owes a debt to the U.S. Government, and any EAJA award to the Plaintiff is subject to offset by the debt Plaintiff owes to the Government."[8]

In *Astrue v. Ratliff*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[9] Following this binding precedent, the Court will award attorneys' fees to Plaintiff Sylvester Cornish, rather than his attorney. Further, the Court notes Plaintiff's fee award may be subject to offset. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion for Attorneys Fees Under the Equal Access to Justice Act"[10] is **GRANTED** and that Plaintiff Sylvester Cornish is awarded attorneys' fees in the amount of $5,216.00.

**NEW ORLEANS, LOUISIANA**, this  18th  day of April, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[5] Rec. Doc. 30 at p. 1.

[6] 560 U.S. 586 (2010)

[7] Rec. Doc. 30 at p. 1.

[8] *Id.* at p. 2.

[9] *Astrue*, 560 U.S. at 589.

[10] Rec. Doc. 28.